IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No: 4:21-CV-00076-M

| | |
|---|---|
| RUDOLPH BENJAMIN WHITEHURST, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| KIMBERLY SMITH ROBB, | ) |
| Defendant. | ) |

This matter comes before the court on Defendant Kimberly Smith Robb's ("Defendant") Motion to Dismiss [DE 40]. Defendant seeks an order dismissing this case for the court's lack of subject-matter jurisdiction or, alternatively, for Plaintiff Rudolph Benjamin Whitehurst's ("Plaintiff") failure to state a plausible claim for relief. For the following reasons, Defendant's motion is granted.

**I.   Background**

   A.   Plaintiff's Statement of Facts

The following are relevant factual allegations (as opposed to statements of bare legal conclusions, unwarranted deductions of fact, or unreasonable inferences) made by the Plaintiff in the operative Complaint (DE 1), which the court must accept as true at this stage of the proceedings pursuant to *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

The complaint describes what appear to be two separate incidents. First, Plaintiff was arrested in April 2017 on a charge of "exploit disable/elder trust." DE 1-5; DE 1-6. Defendant was the District Attorney at the time and the charge was dismissed by an assistant district attorney in her office on July 31, 2018. DE 1-5. According to the Plaintiff, after the dismissal, Defendant

asked Plaintiff to "pay money back." DE 1.

Second, on June 2, 2014, at approximately 6:00 p.m., Plaintiff was driving in Greenville, North Carolina "looking for houses in the Bell's Fork area." DE 1-3. Another driver, later identified as Harold Van Stanley, passed on Plaintiff's left side then veered right in front of Plaintiff's vehicle, cutting him off from the road. *Id.* The two men exited their vehicles, and Stanley used a racial slur against Plaintiff and cut Plaintiff several times with a knife as Plaintiff tried to reenter his vehicle. *Id.* Plaintiff kicked Stanley, then drove away and called 911. *Id.* Plaintiff told the dispatcher he would stop at a McDonald's restaurant at which three Greenville police officers eventually met and interviewed him. *Id.* Plaintiff was transported to a hospital where he was treated and further questioned by police officers. *Id.* After Plaintiff reported Stanley's license plate number to the officers, Thomas Woolard requested the dispatch of Craven County deputies to Stanley's address. *Id.* After deputies contacted Stanley at his home, they instructed him to meet Woolard at the Greenville Police Department. *Id.* Later that evening, Stanley arrived at the police station with his attorney for further questioning by Woolard. *Id.*

Thereafter, Plaintiff filed a civil action against Stanley. DE 1-2. In addition, Defendant's office brought criminal charges (not specified) against both Plaintiff and Stanley; on March 10, 2015, Plaintiff's attorney informed him that the assistant district attorney was prepared to offer Stanley a plea deal that would result in a misdemeanor conviction and dismissal of all charges against Plaintiff. DE 1-4. The attorney also advised that Stanley was considering extending a monetary settlement offer to resolve the civil matter and that the assistant district attorney had agreed to delay offering Stanley the plea deal until a favorable settlement was reached in the civil action. *Id.* Later, on November 9, 2015, Plaintiff executed an "Acknowledgement," stating he "has requested that the Pitt County District Attorneys' office dismiss the following cases [charges

2

against Stanley] in which he is the alleged victim." Supplement to Complaint, DE 11-3, 11-4, 11-5. The charges against Stanley were dismissed. *Id.*

B. Procedural History

Plaintiff initiated this action on May 20, 2021, alleging that Defendant "falsified" documents in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1519, and that Defendant defamed his character by bringing charges against him in 2017. DE 1. On May 25, 2021, Plaintiff filed a motion to amend his Complaint; however, Rule 15(a)(1) applied such that Plaintiff did not need to seek leave of court to amend, and the court accepted Plaintiff's minimal changes to the Complaint. *See* DE 5, 8. Defendant responded by filing the present motion, arguing that the court lacks subject-matter jurisdiction because the Plaintiff fails to allege either federal question or diversity jurisdiction. DE 40. In addition, Defendant contends that Plaintiff fails to state a plausible claim for relief. *Id.* Plaintiff filed two responses to the motion, the second of which was filed more than one month after it was due and for which Plaintiff did not seek leave to file out of time. DE 44, 55. Even considering both response briefs, the court finds they contain incomplete sentences, conclusory accusations, unresponsive statements, and repetitive (and sometimes, incoherent) argument; nevertheless, given the Plaintiff's pro se status, the court will afford them a liberal construction. Defendant did not file a reply brief in the time required by Local Civil Rule 7.1(g)(1).

## II. Legal Standards

A. Rule 12(b)(1)

The Supreme Court instructs that

> [f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

3

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "[T]he party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968) ("[T]he complaint must state on its face the grounds for its jurisdiction.").

A defendant may move for an order to dismiss a claim by arguing that the complaint fails to properly allege subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

> When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citations omitted). Further, if a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action[,]" regardless of whether the relevant defendant against whom the claim was brought has moved the court seeking dismissal. Fed. R. Civ. P. 12(h)(3).

In assessing Plaintiff's allegations of jurisdiction, the court should be solicitous of pro se complaints, regardless of how unartfully the pro se plaintiff has drafted the complaint. *Blizzard v. Dalton*, 876 F. Supp. 95, 99 (E.D. Va. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520, (1972)).

B.  Rule 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the pleading and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but

4

any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the non-movant's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (addressing motion to dismiss counterclaims). *Twombly*'s plausibility standard requires that the non-movant's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Courts must draw all reasonable inferences in favor of the non-movant. *E.I. du Pont de Nemours*, 637 F.3d at 440.

### III. Analysis

Plaintiff proceeds in this action pro se and, thus, the court must construe his filings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376, 209 L. Ed. 2d 122 (2021). The Fourth Circuit has held that "district courts must carefully consider any potentially viable legal claims that a pro se plaintiff fails to raise, as long as the factual allegations in the complaint could support those claims." *Quintero v. Garland*, 998 F.3d 612, 634 (4th Cir. 2021); *see also Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (explaining obligation to read pro se pleadings "liberally and [to] interpret them to raise the strongest arguments they suggest" (internal quotation marks omitted)). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing*, 959 F.3d at 618 (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)).

Defendant first contends that Plaintiff's allegations fail to support this court's subject-matter jurisdiction. While the court agrees that the Complaint does not state facts sufficient to support diversity jurisdiction, it must consider whether Plaintiff alleges a federal question.

First, Plaintiff alleges that the criminal charges in 2017 defamed his character. DE 1. Construed liberally, the claim could be viewed as an allegation of defamation, but a claim of defamation does not arise under the Constitution and Plaintiff does not identify a Federal statute supporting the claim. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). As a result, if the Complaint were construed to assert solely a defamation claim, it alleges no federal question sufficient to confer jurisdiction under 28 U.S.C. § 1331.[1]

---

[1] In a single sentence, Defendant argues he is entitled to absolute prosecutorial immunity and, thus, the court lacks jurisdiction. Mot. at 6, DE 41. The court finds the record on this question insufficient to make a fully informed determination as to whether the immunity applies. *See*

6

However, construing liberally the allegations of Plaintiff's second claim for falsification of documents, the court finds Plaintiff alleges a federal question, but it is not the one expressed in the pleading. On its face, the Complaint alleges a violation of federal law, "chapter 73 of title 18 of the United States Code under the Sarbanes-Oxley Act." Compl. at 2. The portion of the Act quoted by Plaintiff is found in Section 1519 of Title 18 of the United States Code, which provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519. "As reflected in the statutory language, as well as its codification under Title 18 of the United States Code covering Crimes and Criminal Procedure, 18 U.S.C. § 1519 is a criminal statute." *Gambino v. Hershberger*, No. CV TDC-17-1701, 2019 WL 1300856, at *11 (D. Md. Mar. 20, 2019). Generally, there is no private cause of action under criminal statutes. *See Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group.") (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975) and *California v. Sierra Club*, 451 U.S. 287, 294 (1981)). As noted by the *Gambino* court, "no circuit or Supreme Court opinion has held that § 1519 creates a private right of action." 2019 WL 1300856, at *11 (quoting *Peavey v. Holder*, 657 F. Supp. 2d 180, 190-91 (D.D.C. 2009), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010). "Thus, the district courts to address the issue have declined to infer a private

---

*Annappareddy v. Pascale*, 996 F.3d 120, 139 (4th Cir. 2021) ("To determine whether an act is so 'intimately' associated with the judicial phase that it warrants absolute immunity, courts take a 'functional approach,' looking to the 'nature of the function performed' and not the 'identity of the actor who performed it.'") (citations omitted).

7

right of action from 18 U.S.C. § 1519." *Id.* (collecting cases). Therefore, as Plaintiff may not bring a civil action based on Section 1519, he has not alleged a federal question sufficient to confer subject-matter jurisdiction by asserting his "Sarbanes-Oxley Act" claim.

However, the Plaintiff, proceeding pro se, advised the court in his civil cover sheet that the nature of this suit is "Other Civil Rights." Plaintiff alleges that Defendant, the district attorney at the time of both the 2014 and the 2017 incidents, "falsified" documents related to his 2017 arrest. Individuals possess a due process "'right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity.'" *Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005). Taking the allegations as true and construing them liberally in favor of the Plaintiff, the court finds Plaintiff alleges a potential due process claim and, thus, the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to determine whether Plaintiff states a plausible claim for relief.

The Fourth Circuit instructs that "[f]abrication of evidence alone is insufficient to state a claim for a due process violation; a plaintiff must plead adequate facts to establish that the loss of liberty—i.e., his conviction and subsequent incarceration—resulted from the fabrication." *Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014) (citing *Washington*, 407 F.3d at 282–83). "The plaintiff must also be able to show that, despite any intervening acts of independent decision-makers, the 'conviction was a reasonably foreseeable result of [the] initial act of fabrication.'" *Id.* (quoting *Washington*, 407 F.3d at 283). Here, there is no allegation that Plaintiff was incarcerated as a result of the criminal charges stemming from the 2017 incident. In fact, the Plaintiff's exhibits attached to the Complaint suggest that the criminal charges against him were dismissed. *See* DE

8

1-5; DE 6-1. Thus, Plaintiff fails to state a plausible due process claim.[2]

To the extent that Plaintiff's allegations may be construed to support a claim under state law, the court in its discretion declines to exercise supplemental jurisdiction in this case. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) ("we conclude that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case").

## IV. Conclusion

Taking Plaintiff's allegations as true and construing them liberally in his favor, the court finds Plaintiff alleges a federal question sufficient to confer subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 over his claim alleging falsification of documents. However, Plaintiff fails to state a plausible claim for relief against Defendant Robb. Accordingly, the court GRANTS Defendant's motion to dismiss. The clerk of the court is DIRECTED to close this case.

SO ORDERED this 14th day of July, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the court finds Plaintiff's factual allegations fail to support a federal statutory or constitutional claim, it need not reach the question of whether his requests for relief are proper.

9